## McKENNA STEEL WORKING CO. v. LEWIS.

(Circuit Court of Appeals, Eighth Circuit. October 14, 1901.)

### No. 1,498.

1. MASTER AND SERVANT—INJURY OF SERVANT—UNSAFE PLACE TO WORK.

Plaintiff and three other workmen of defendant were engaged in transferring railroad rails from a car to the charger platform of a steel furnace. After pushing the car up abreast of the platform, which was six feet distant, they placed two skids, consisting of pieces of rails, from the car to the platform, and pushed the rails up such skids, two men standing at each end. The end of one of the skids, by reason of being insecurely fastened to the platform, slipped off, and a rail fell, striking plaintiff and breaking his leg. There was a shallow ditch or drain some six feet from the skid at which plaintiff was working, and parallel thereto, into which, as he claimed, he stepped and fell while attempting to avoid the falling rail. The ditch was plainly visible, and did not interfere with the work in pushing the rails up the skids, and no complaint had been made of it. *Held*, that it did not render the place to work unsafe, nor was defendant chargeable with negligence in permitting it to remain there which rendered it liable for the injury.

**2. SAME—CONTRIBUTORY NEGLIGENCE.**
Where it was the duty of plaintiff and his fellow workmen to adjust skids between a car and a platform upon which they were pushing railroad rails, and means were at hand by which such skids could have been made secure, but they were not securely fastened, as plaintiff knew, and by reason of the slipping of one of them a rail fell and he was injured, he was guilty of contributory negligence which precluded his recovery from the master for such injury, even though the latter was also negligent.

In Error to the Circuit Court of the United States for the Western District of Missouri.

Amos H. Kagy and George Horn, for plaintiff in error.
Thomas A. Witten and Roland Hughes, for defendant in error.

Before SANBORN and THAYER, Circuit Judges, and ADAMS, District Judge.

THAYER, Circuit Judge. This is an action for personal injuries which was brought by Charles Lewis, the defendant in error, against the McKenna Steel Working Company, the plaintiff in error. The record discloses the following facts: On the evening of September 8, 1898, the plaintiff and three other men were in the employ of the defendant company, and were engaged in moving old railroad iron from a place where it had been unloaded to what is known as the "charger platform" of the defendant's furnace, whence it was elevated and fed into the furnace. Rails to the number of about 15 or 18 were first loaded on a platform car. The car was then pushed along a railroad track until it was abreast of the charger platform, and about 6 feet distant therefrom. Two short skids, consisting of pieces of railroad iron, were then laid from the car to the charger platform, and along these skids the rails were pushed one at a time from the car to the charger platform; two of the men being at each end of the rail, one outside and one inside of each skid. As the party were pushing an iron rail along the skids in the manner aforesaid, one of the skids fell because the end resting on the charger platform was not properly secured, and by reason thereof the rail which was being moved fell, striking one of the plaintiff's legs and fracturing it.

In his complaint the plaintiff alleged that the defendant was guilty of negligence in two respects: First, that it failed to supply safe machinery with which to work; and, second, that it failed to provide a reasonably safe place in which to work. In support of the first of these claims he contended that the defendant should have fastened the ends of the skids where they rested on the charger platform so that they would not work off; and in support of the second claim he urged that the defendant had made a ditch or drain, or suffered one to form by the action of water, near one of the skids, into which he stepped and fell on the occasion of the accident in his effort to avoid the falling iron rail which he was assisting to move.

We are not concerned specially with the first of the above specifications of negligence, since the proof showed without contradic-

tion that the skids were put up and arranged by the men themselves, including the plaintiff, as each car was pushed up abreast of the charger platform to be unloaded; that it was their duty to see that the ends of the skids were made fast so that they would not fall, and that means were at hand or readily available to make them secure. If the plaintiff and his fellow workmen when they put up the skids, as it was their duty to do, did not see to it that they were made fast, it was their own fault, and they cannot ·charge the defendant with their own neglect. The trial court took substantially this view of the case, charging the jury that the plaintiff could not recover on account of any alleged negligence in fastening the skids to the charger platform; and in this respect its action was clearly right, or at least it cannot be made a subject of complaint in this court.

The issue, however, whether the defendant company was guilty of negligence in suffering the drain or ditch to remain in proximity to one of the skids, and whether that was a proximate cause of the injury, was submitted to the jury, and the point to be determined by this court is whether such action on the part of the trial court was justifiable. The evidence showed without contradiction that the alleged ditch ran parallel to one of the skids, that it was from five to six feet distant therefrom, and that it was used to drain waste water from the furnace. It ran from a cinder pile on the west side of the charger platform to the railroad track on which the push car was standing, being nothing more than a shallow depression in the cinders or ground along which some water flowed at times, and passed between the ties underneath the railroad track. The sides of this ditch were sloping, rather than perpendicular, and it appears to have been so far distant from the westernmost skid, that it was not an obstruction in the way of the men when they were pushing rails along the skids to the charger platform. Moreover, no one had complained, so far as the record shows, that this drain rendered the work 'of pushing rails up the skids onto the charger platform dangerous, or that it increased the risks attending that work to any appreciable extent. It furthermore appeared (and this fact was not disputed) that, although the accident occurred about 8:40 p. m., yet the plaintiff had been at work at that place about two hours before he was hurt, and that electric arc lights were suspended outside of the furnace, as well as within, and that they lit up the yard where the plaintiff was working so as to render the drain and other objects in the yard plainly visible. Under these circumstances, we are at a loss to perceive how the conduct of the defendant in permitting this drain to form or exist as it did can be pronounced negligent. It was simply one of those drains which· are to be found around steam boilers in all large plants for the discharge of waste water, and it was not in the plaintiff's way while he was doing his work in the ordinary manner. It is plainly inferable from the testimony that if the plaintiff stepped into this drain, and the drain caused him to fall, he did so by jumping to one side to get out of the way of the falling rail, but the fall of the rail appears to have been due to his own fault and that of his fellow

workmen in failing to properly secure the ends of the skids to the charger platform, as they might have done. We are of opinion that the record discloses no substantial evidence tending to show that the defendant company was guilty of negligence, and, even if we were able to take a contrary view and to hold otherwise, then it would be impossible to escape the conclusion that the plaintiff was guilty of such contributory negligence as should preclude him from recovering. He testified, in substance, that before the accident happened he observed how the ends of these skids were rested on the posts which supported the charger platform, and thought that they ought to be more securely fastened, but that he did not fasten them. Another witness for the plaintiff testified (and this fact is not denied) that one of the skids had fallen on the evening of the accident, before the accident occurred, and that the plaintiff and all of his fellow workmen knew that they were liable to fall, owing to the manner in which the ends were rested on the charger platform. As it was the plaintiff's duty and that of his fellow workmen to put up and adjust these skids as every car was pushed up abreast of the platform to be unloaded, it must be held that by failing to adjust them securely, and thereby becoming responsible for the fall of the rail, the plaintiff immediately contributed to the injury, and cannot recover.

For these reasons, we think that the trial court should have directed a verdict for the defendant company, as it was requested to do; and on that account the judgment below is reversed, and the cause is remanded for a new trial.